J-S66008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS WILLIAM THOMPSON, JR., | |
| Appellant | No. 534 MDA 2014 |

Appeal from the PCRA Order Entered March 25, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004301-2004

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 22, 2014**

Appellant, Thomas William Thompson, Jr., appeals *pro se* from the March 25, 2014 order denying as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. We affirm.

On January 5, 2005, Appellant was convicted by a jury of attempted murder, aggravated assault, arson, and possession of explosive/incendiary materials or devices. On March 14, 2005, he was sentenced to an aggregate term of 10 to 20 years' incarceration. He filed a timely appeal with this Court and, after we affirmed Appellant's judgment of sentence, our Supreme Court denied his subsequent petition for allowance of appeal. **Commonwealth v. Thompson**, 907 A.2d 1139 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 917 A.2d 846 (Pa. 2006).

Appellant filed a timely *pro se* PCRA petition and counsel was appointed. That petition was ultimately denied, and Appellant appealed to this Court. After we affirmed (and also denied Appellant's subsequent request for reargument *en banc*), our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Thompson***, 991 A.2d 362 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 3 A.3d 671 (Pa. 2010). On October 12, 2010, Appellant filed a second *pro se* PCRA petition and counsel was appointed. Again, the PCRA court denied Appellant relief, this Court affirmed, and our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Thompson***, 53 A.3d 938 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 57 A.3d 70 (Pa. 2012).

While Appellant's appeal from the denial of his second PCRA petition was pending, he filed a third *pro se* PCRA petition on May 21, 2012. The PCRA court issued an order on June 11, 2012, stating that no action would be taken on Appellant's third petition while the appeal from the denial of his second petition was pending. On April 17, 2013, after his appeal from the denial of his October 12, 2010 petition had concluded, Appellant filed a "Motion for Leave to Resume the PCRA Proceedings," asking that the court address the merits of his May 21, 2012 petition. On February 12, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as untimely. Rather than filing a response, Appellant filed a premature *pro se* notice of appeal. Thereafter, on March 25, 2014,

- 2 -

the PCRA court entered a final order denying Appellant's petition. We will treat Appellant's appeal as having been filed after that final order. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before entry of an appealable order shall be treated as filed after such entry and on the day thereof."); *Commonwealth v. Ratushny*, 17 A.3d 1269, 1271 n.4 (Pa. Super. 2011) (relying on Rule 905 to treat appellant's premature notice of appeal as having been filed after the entry of the order denying his post-sentence motion).

On appeal, Appellant raises two questions for our review:

I. Whether *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), established a newly recognized constitutional right that should be applied retroactively to cases on collateral review?

II. Whether 42 Pa.C.S.A. § 9545(b)(1)(iii) is unconstitutional under the Supremacy Clause of Article VI of the United States Constitution and the Due Process Clause of the Fourteenth Amendment, where it imposes an obligation on the Supreme Court to decide the retroactivity of its cases prior to granting a petitioner a right to relief?

Appellant's Brief at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United

- 4 -

States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant acknowledges that his instant petition is patently untimely. Appellant's Brief at 14. However, he claims that he has proven the applicability of the timeliness exception set forth in section 9545(b)(1)(iii). Specifically, Appellant maintains that his May 21, 2012 petition was filed within 60 days of the United States Supreme Court's decision in *Lafler*, which he avers recognized a new constitutional right to effective representation of counsel during the plea negotiation process. Appellant further contends that *Lafler* applies retroactively.

However, in *Commonwealth v. Feliciano*, 69 A.3d 1270 (Pa. Super. 2013), this Court expressly held that neither *Lafler*, nor *Missouri v. Frye*, 132 S.Ct. 1399 (2012), a companion case to *Lafler*, created a new constitutional right. *Feliciano*, 69 A.3d at 1276. "Instead, these decisions simply applied the Sixth Amendment right to counsel, and the *Strickland* [*v. Washington*, 466 U.S. 668 (1985),] test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.*[,] where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment." *Id.* at 1277. Based on our holding in *Feliciano*, it is clear that Appellant cannot rely on *Lafler* to satisfy the timeliness

- 5 -

exception of section 9545(b)(1)(iii). Accordingly, Appellant's first argument does not prove that his PCRA petition should be considered as timely.

In Appellant's second issue, he maintains that "[t]o the extent that [section] 9545(b)(1)(iii) requires the Supreme Court of the United States to explicitly hold that its decisions apply retroactively before a petitioner may seek relief under the PCRA, Appellant submits that such a requirement is unconstitutional under the Supremacy Clause of Article VI of the United States Constitution, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Appellant's Brief at 15. We need not further address the specifics of Appellant's argument because he did not raise this claim in his PCRA petition filed on May 21, 2012, or in his April 17, 2013 "Motion for Leave to Resume the PCRA Proceedings." Accordingly, this claim is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 902(B) ("Each ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); **see also Commonwealth v. Rainey**, 928 A.2d 215, 226 (Pa. 2007) (noting that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal). In any event, we note that even if Appellant had raised this assertion below, he does not explain which of the above-stated exceptions to the PCRA timeliness requirement it satisfies. Accordingly, we

would not have jurisdiction to review the merits his argument, even if it were preserved for our review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014